UNITED STATES v. GREENE et al.

(District Court, E. D. Georgia, S. D. January 16, 1906.)

Nos. 476, 477.

1. EMBEZZLEMENT—PUBLIC MONEY OF UNITED STATES—SCOPE OF STATUTE.
    Rev. St. § 5497 [U. S. Comp. St. 1901, p. 3707], extends the crime of embezzlement of public money to "every * * * person * * * who uses, transfers, converts, appropriates, or applies any portion of the public money for any purpose not prescribed by law."
    [Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Embezzlement, §§ 24–29.]

2. INDICTMENT—SUFFICIENCY OF AVERMENT—FUGITIVES FROM JUSTICE.
    An averment in an indictment that the accused are "fugitives from justice" is sufficient, without further specification, to put them upon notice of the charge which the government means to prove.

3. EMBEZZLEMENT—INDICTMENT—DESCRIPTION OF OFFENSE.
    An indictment for embezzlement of public money considered, and *held*
    to sufficiently describe the offense charged.

On Demurrers to Indictments.
See 115 Fed. 343.

Marion Erwin, U. S. Atty., Samuel B. Adams and Thomas F. Barr, Special Asst. U. S. Attys., and Alexander Akerman, Asst. U. S. Atty.

Peter W. Meldrim, William W. Osborne, and Alexander A. Lawrence, for defendants Benjamin D. Green and J. F. Gaynor.

SPEER, District Judge. It is not impossible that at certain stages in the evolution of our criminal law the arguments so ably advanced by the prisoners' counsel would have been regarded as controlling on the construction of an ordinary criminal indictment. There has, however, been a great advance, not only in criminal pleading, but in the interpretation placed on criminal statutes. This has been accomplished with the beneficial purpose on the part of government to bring men accused of crime to trial on the merits before a jury of their peers. A clause of the Revised Statutes cited in a previous ruling in this case declares:

"No indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment or other proceeding therein be affected by reason of any defect or imperfection in matter of form only which shall not tend to the prejudice of the defendant." Rev. St. § 1025 [U. S. Comp. St. 1901, p. 720].

A similar doctrine, with a similar purpose, is found in the Code of our state. Pen. Code 1895, § 929:

"Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury."

The obligation is on the government in every case to make out its charge against the accused beyond reasonable doubt. It is a presumption of law that the prisoner is innocent. When the charge is made, it is then the duty of the court, in obedience to this modern practice in criminal cases, to discourage technical objections to indictments unless they allege defects prejudicial to the prisoner in his defense. That must be the test by which this demurrer will be determined. Now for a week we have been engaged in hearing objections of a legal, or alleged legal, character, made to prevent the trial on these indictments, and to secure the discharge of these prisoners upon technical grounds. Up to the present moment the court has not been able to discover anything in these objections which will deprive the prisoners of an essential legal right. Do the demurrers just argued point out any failure of averment in the indictment which will have that effect?

Take first, the argument based upon the decision of the Supreme Court in the Hartwell Case, 6 Wall. 386, 18 L. Ed. 830. The objection is, as pointed out in that case, that the penalty of the

statute under consideration is only directed against bank officers and the like, and, under the familiar rule of construction, this would not include the prisoners. When, however, we look to the statutory law as it has been enacted, we find in section 5497 [U. S. Comp. St. 1901, p. 3707] a clear provision, which adopts the definition of the crime as described in the case above mentioned, and extends it to all other persons, whether bankers and the like or not, and includes them also in the penalty attached. Doubtless the legislative mind, after the decision in 6 Wall., supra, was rendered, discovered that the defect in the original statute of 1866 was such that it permitted many who had been guilty of embezzlement of public moneys to go unwhipped of justice. This was the mischief. The remedy was furnished by the remedial statute, which, as stated, extends the operation of the law to all persons of whatever character. The facts stated in the indictment, if true, would bring the prisoners within that provision of the amended statute, and they are sufficiently set forth in the indictment. The Revised Statutes are binding on this court, as the Code of Georgia is in a Georgia court. It is the Code of the United States. It was adopted by act of Congress, which made it and all of its provisions the law of the land. Now Congress had power to enact the amendment. While this is apparently inimical to the ruling of the Supreme Court, it is now controlling on all the courts.

Let us next consider the objection decided before the law was changed, that these persons are not sufficiently described when called "fugitives from justice." Words are taken to import the interpretation ordinarily placed upon them, and this expression is in no sense ambiguous. The manner in which they fled, whether "darkly in the dead of night" or by a Pullman train; where they stopped; how they disported themselves during the period of their absence from this jurisdiction—much of that may be necessary to be proven. But when it is alleged in the indictment that they are fugitives from justice, they are sufficiently put upon notice of the charge which the government means to prove if it can, and which, should the government produce sufficient prima facie evidence, they must furnish evidence to refute.

So, too, with the objection of insufficiency of allegation with regard to the drafts payable to the treasurer of the Atlantic Contracting Company. This is that the averments state that these drafts are payable to the order of the treasurer of that company, and delivered to him, and that there was no averment that he had authority to indorse or negotiate them. I am, however, of the opinion that where it is alleged that a draft was drawn by a disbursing officer of the treasury upon funds under his control, and that it was delivered to an officer of the corporation with a fraudulent or criminal intent, it is sufficient, so far as that question is involved. The court will take judicial cognizance of the fact that the engineer officer had power to draw such a draft. The court will take cognizance of the fact that the treasurer of the contracting company had power to indorse the draft. It was then payable at the subtreasury, or over the counter

of any bank in the United States whose officers would accept the theory that the United States government is solvent. There is much else in the way of averment with regard to this feature of the indictment, all of which discloses its sufficiency as such.

It is also urged that there is insufficiency with regard to the description of the mattresses which it is alleged were used as an instrumentality of the alleged fraud, but these mattresses are not evidence which need to be described with very great particularity. Nobody is attempting to charge the defendants with stealing a mattress. If a charge had been made of that sort, it must have been described with the particularity necessary in an indictment for simple larceny in this state. The reference to these mattresses was, to an extent, incidental. They figured as an element of the alleged fraud charged upon these prisoners, and it is wholly impossible for the government to charge their number, their location, or their exact description. The law does not make unreasonable exactions on the pleader in preparing descriptive averments in an indictment of this general character. Let us suppose a man was indicted for fraudulent participation in a scheme to empty 1,000 barrels of turpentine of high grade, which had been sold at that grade, and by filling the barrels with turpentine of a much inferior grade. It would not, I think, be necessary for the pleader to set out the precise grade of the turpentine withdrawn and that substituted. The substantial charge is embezzlement, and the embezzlement and the accompanying fraud as accomplished are sufficiently described when the description is sufficient to fairly put the defendants on notice of the character of the proof which would be brought against them, so that they can prepare with their proof to meet it.

I believe I have sufficiently discussed the tenor and effect of the demurrer. In the opinion of the court, formed after very careful and attentive consideration of the authorities and the arguments of prisoners' counsel, that there is nothing in this case so far which ought to deny to the American people and to these prisoners the right to have the issues presented by the indictments tried upon the merits and passed upon by a jury of their countrymen, as the law directs.

For like considerations, the demurrer to the indictment charging the defendants with receiving money fraudulently obtained or embezzled will also be overruled.

An order will be taken accordingly.